UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MICHAEL BURWASSER

      Plaintiff,           **JURY TRIAL**

V.                              CIVIL ACTION NO

ENCORE RECEIVABLE MANAGEMENET, INC.

Defendant.                MARCH 5, 2008

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Pikesville, Maryland.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6.  Defendant is a collector within the MCDCA.

7. Defendant communicated with plaintiff on or after one year before

the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt to GE Money.

8. Defendant communicated with plaintiff numerous times in an attempted to collect a debt that the plaintiff does not owe.

9. Plaintiff contacted the defendant and advised that he is not the responsible party to this debt. Defendant insisted he was the responsible party and continued to collect this debt.

10. Plaintiff advised the defendant that he disputed this debt.

11. Defendant advised the plaintiff that his dispute must be put in writing, in conflict with a previous communication that advised plaintiff he could orally dispute this debt.

12. Defendant failed to provide notice pursuant to 1692e (11).

13. Defendant has inadequate procedures in place to avoid such error.

14. Plaintiff through counsel, sent a written dispute of this debt to the defendant dated February 19, 2008.

15. Defendant continued to collect on this debt without first verifying the debt in violation of the FDCPA.

16. Defendant continued to communicate with the plaintiff direcly notwithstanding the prohibition in the FDCPA that defendant must stop communicating with the debtor once notified that he has an attorney.

17. In the collection efforts, the defendant violated the FDCPA; inter alia, section 1692e, f, and g.

**SECOND COUNT**

18. The allegations of the First Count are repeated and realleged as if fully set forth herein.

19. Within three years prior to the date of this action Defendant collection agency has engaged in acts and practices as to plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA");

20. Defendant a collection agency has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

**WHEREFORE plaintiff respectfully requests this Court to:**

1. Award plaintiff statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.;

2. Award plaintiff statutory damages pursuant to Maryland Consumer Debt Collection Act § 14-204 et seq;

3. Award plaintiff statutory damages pursuant to the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq;

4. Award the plaintiff costs of suit and a reasonable attorney's fee;

5. Award and such other and further relief as this Court may provide.

       THE PLAINTIFF

      BY_____
      Bernard T. Kennedy, Esquire
      207 Miles River Court
      Odenton, MD 21113
      Ph   (410) 305-4000
      Fax (410) 305-4005
      Fed. Bar # Md26843
      bernardtkennedy@yahoo.com